**Richard E. MEARS, Plaintiff,**

v.

**Stan SINGLETON, et al., Defendants.**

**No. 92–3471–DES.**

United States District Court,
D. Kansas.

Feb. 10, 1993.

Richard E Mears, pro se.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

█ Plaintiff proceeds pro se and *in forma pauperis* on a civil rights complaint. Plaintiff is currently incarcerated in Los Lunas, New Mexico. He seeks to recover monies seized by officials when plaintiff was arrested in June 1989. Plaintiff alleges defendants conspired to wrongfully withhold the seized funds, in violation of plaintiff's constitutional rights. Plaintiff also alleges various constitutional claims arising from plaintiff's state conviction and appeals therefrom. Plaintiff seeks declarative, injunctive, and monetary relief. Plaintiff also seeks a temporary restraining order or preliminary injunction.

Having reviewed all of plaintiff's detailed pleadings, including plaintiff's motion for temporary or preliminary injunctive relief, the court finds dismissal of the complaint is warranted at this stage of the proceeding.

█ Plaintiff essentially complains defendants have failed to follow the mandate handed down by the Kansas Court of Appeals in petitioner's successful appeal. Plaintiff's relief lies in a mandamus action filed in state court. This court has no subject matter jurisdiction to review questions arising in the course of state court litigation. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 1317, 75 L.Ed.2d 206 (1982). Plaintiff must pursue his claims regarding the state court forfeiture proceedings, as well as his inextricably intertwined allegations of defendants' conspiracy, through the state courts and then ultimately to the Supreme Court of the United States.

Section 1915(d) of Title 28 grants the district court discretionary authority to dismiss an *in forma pauperis* proceeding "if satisfied that the action is frivolous or malicious." This statute allows the court "to dismiss a claim based on an indisputably meritless legal theory" that "lacks even an arguable basis in law," *Neitzke v. Williams,* 490 U.S. 319, 327 and 328, 109 S.Ct. 1827, 1832 and 1833, 104 L.Ed.2d 338 (1989), as well as claims based on "clearly baseless" factual allegations. *Denton v. Hernandez,* —— U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

Having concluded this court lacks subject matter jurisdiction over the claims raised in plaintiff's complaint, the court finds dismissal of the complaint under 28 U.S.C. § 1915(d) is appropriate.

IT IS THEREFORE ORDERED that the complaint is dismissed.